IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY RANDALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-0831-STE |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

**I.    PROCEDURAL BACKGROUND**

Initially and on reconsideration, the Social Security Administration (SSA) denied Plaintiff's applications for disability insurance benefits and supplemental security income. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 15-27). The Appeals Council denied Plaintiff's request for

review. (TR. 1-6). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 20, 2015, the date Plaintiff alleged onset of disability. (TR. 18). At step two, the ALJ determined that Plaintiff had the following severe impairments: epilepsy, degenerative disc disease, and obesity. (TR. 18). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 21).

At step four, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC) to perform light work with additional exertional and non-exertional restrictions. (TR. 22). The ALJ then found that Plaintiff was capable of performing his past relevant work as a Data Entry Clerk. (TR. 26). The ALJ did not make alternative, step-five findings, but ALJ concluded Plaintiff was not disabled based on his ability to perform his past relevant work. (TR. 26-27).

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial-evidence standard," a court looks to an existing

administrative record to determine whether it contains "sufficient evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal alteration and quotation marks omitted). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ erred in finding that he could perform his past relevant work as a Data Entry Clerk. (ECF No. 15:3-5).

## V. ANALYSIS

The ALJ determined that Plaintiff was not disabled based upon her step-four finding that Plaintiff could perform his past relevant work as a Data Entry Clerk. (TR. 26). Past relevant work is defined as "work that [Plaintiff has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [Plaintiff] to learn to do it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). Plaintiff argues that the ALJ erred in relying on his ability to work as a Data Entry Clerk because he did not hold that position long enough for it to qualify as past relevant work. (ECF No. 15:3-5). The Court agrees.

The vocational expert testified that the Data Entry Clerk occupation had a specific vocational preparation (SVP) level of four. (TR. 75). The ALJ recognized this SVP level.

TR. 26; *see also* Dictionary of Occupational Titles (DOT), App. C (Components of the Definition Trailer), § II, 1991 WL 688702 (describing SVP levels).

The SVP level comes from the DOT, "which is published by the U.S. Department of Labor and relied on by the Commissioner for vocational information." *Dikeman v. Halter*, 245 F.3d 1182, 1186 n.2 (10th Cir. 2001). SVP is defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT, App. C, § II, 1991 WL 688702; *accord id*. Jobs with SVP of four take "[o]ver 3 months up to and including 6 months" to learn. DOT, App. C, § II, 1991 WL 688702.[1]

The question here, then, is whether Plaintiff worked long enough as a Data Entry Clerk to learn to do it, i.e. more than three months. Resolution of this question requires an examination of Plaintiff's work history. Plaintiff reported that he worked as a Data Entry Clerk from May 2015 to July 2015, a maximum period of—but not more than—three months. (TR. 298-99). Plaintiff further reported working eight hours a day, at a rate of $12.50 per hour. (TR. 299).[2] Plaintiff's 2015 earnings record shows he earned $4836.96 at this job. (TR. 275). Dividing the amount earned by the rate of pay demonstrates Plaintiff worked just under 387 hours. At 40 hours a week, Plaintiff worked less than 10 weeks, which is not more than three months.

---

[1] Appendix C clarifies that the levels of the SVP scale "are mutually exclusive and do not overlap." SVP 3 is "[o]ver 1 month up to and including 3 months." Accordingly, "[o]ver 3 months" in SVP 4 means more than three months. *See* DOT, App. C, § II, 1991 WL 688702.

[2] This record also states that Plaintiff worked 40 days per week, but the Court assumes that the intent was either five days or 40 hours per week. *See* TR. 299.

Defendant recognizes Plaintiff's work history report reflects that he worked "for a period of three months," but then appears to assert, without support, that the work history report is inaccurate, arguing "there is no way to tell from the earnings record if Plaintiff actually worked a consistent 40 hours a week during this period, which, if not, would change the weekly amount of earnings and likely lengthen the number of weeks or months that Plaintiff actually worked." (ECF No. 21:5-6). Other than Defendant's unsupported speculation, however, there is no indication that Plaintiff worked more than three months as a Data Entry Clerk.

While plaintiff has the burden at step four to show he is unable to return to his past relevant work, the ALJ must make specific factual findings to support her conclusions, including one that a plaintiff has past relevant work. *See Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (explaining that an ALJ's decision must be supported by "such evidence that a reasonable mind might accept to support the conclusion"); *see also* SSR 82-62, 1982 WL 31386, at *3 ("The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit."). Here there is no evidence in the record to support the ALJ's determination that Plaintiff's work as a Data Entry Clerk met the duration requirement to qualify as past relevant work. *See Bailey v. Berryhill*, 250 F. Supp. 3d 782, 786-88 (D. Colo. 2017) (reversing when evidence did not support ALJ's decision that

plaintiff's prior work met the duration requirement set by the relevant SVP level); *see also Seyedoff v. Astrue*, CIV-07-1054-M, 2009 WL 250081, at *3 (W.D. Okla. Feb. 2, 2009) (recognizing SVP levels determine the amount of time required to learn how to do a job for the purpose of determining whether that job qualifies as past relevant work); *Jozefowicz v. Heckler*, 811 F.2d 1352, 1355-56 (10th Cir. 1987) (recognizing that prior work must meet the duration requirement to qualify as past relevant work). As such, remand is required.

## ORDER

The Court has reviewed the administrative record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on this review, the Court **REVERSES AND REMANDS** the Commissioner's decision for further administrative development.

ENTERED on May 15, 2020.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE